### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ORRIN S. ANDERSON, | : | S.D.N.Y. Bankr. No. 14-22147 (RDD) |
| | : | |
| Debtor. | : | |
| | : | |
| ——————————————— | : | |
| | : | |
| ORRIN S. ANDERSON, A/K/A ORRIN | : | S.D.N.Y. Bankr. Adv. Pro. No. 15- |
| ANDERSON, A/K/A ORRIN SCOTT | : | 08342 (RDD) |
| ANDERSON, | : | |
| | : | |
| Plaintiff, | : | S.D.N.Y. No. _____ |
| | : | |
| v. | : | |
| | : | |
| CAPITAL ONE BANK (USA), N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| ——————————————— | : | |

### JOINT MOTION TO WITHDRAW THE REFERENCE
### PURSUANT TO 28 U.S.C. § 157(d)

Plaintiff Orrin S. Anderson ("Anderson") and Defendant Capital One Bank (USA), N.A. ("Capital One") (collectively, the "Parties") respectfully move the United States District Court for the Southern District of New York for an order, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Rules of the Bankruptcy Court, withdrawing the reference of the above-captioned adversary proceeding to the Bankruptcy Court.  In support of this Joint Motion, the Parties state as follows.

### Factual and Procedural Background

1.     On January 31, 2014, Plaintiff Orrin Anderson filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of New York.  *In re Orrin S.*

*Anderson*, No. 14-22147 (RDD) (S.D.N.Y. Bankr.).  The Bankruptcy Court entered a discharge

order on May 6, 2014.  On or about July 31, 2015, Anderson moved to reopen his bankruptcy, and

the Bankruptcy Court granted his motion on July 6, 2015.

2.      On July 31, 2015, Anderson filed a Class Action Adversary Complaint in the

Bankruptcy Court, captioned *Anderson v. Capital One Bank (USA), N.A.*, Adv. Pro. No. 15-08342

(RDD) (S.D.N.Y. Bankr.) (the "Action") against Capital One.

3.      On September 18, 2015, Capital One moved to dismiss the Complaint.   By opinion

dated March 4, 2016, the Bankruptcy Court denied the motion.  *Anderson*, Adv. Pro. No. 15-

08342, Dkt. No. 42.

4.      On April 1, 2016, Anderson filed his Amended Class Action Adversary Complaint,

which continues to be the operative pleading in the Action.  Anderson alleges that Capital One's

failure to update its credit furnishing to reflect Chapter 7 bankruptcy discharges after Capital One

sold credit card debt pressured consumers to repay discharged debt in order to have the negative

information removed from their credit report.   Plaintiff alleges that Capital One's systematic

refusal to update its credit furnishing violated the discharge injunction set forth in Section 524 of

the Bankruptcy Code.   Capital One disputes all such allegations and the purported implications

thereof.

5.      On April 3, 2019, the Parties reached a proposed nationwide class settlement in the

Action ("Class Action Settlement").  In connection with that settlement, the Parties agreed to move

this Court to withdraw its reference of the Action to the Bankruptcy Court.

6.      On April 8, 2019, in accordance with the Class Action Settlement, Anderson filed

a Motion for Preliminary Approval of the Class Action Settlement in the Bankruptcy Court.

*Anderson*, Adv. Pro. No. 15-08342, Dkt. No. 93.

7. Following an April 23, 2019 hearing, on April 25, 2019, the Bankruptcy Court entered an Order granting the Motion for Preliminary Approval of the Settlement. *Anderson*, Adv. Pro. No. 15-08342, Dkt. No. 95 ("Preliminary Approval Order").

8. The Settlement Agreement and the Preliminary Approval Order provide that the Parties shall, within seven (7) days of its entry, file a motion with this Court to withdraw the reference and obtain a date from this Court for a hearing on Final Approval of the Class Action Settlement. Preliminary Approval Order ¶ 7. The Preliminary Approval Order further provides that the District Court shall determine whether final approval of the Class Action Settlement is warranted. *Id*.

9. In the related case captioned *Echevarria, et al. v. Bank of America Corp., et al*., after the Bankruptcy Court preliminarily approved the parties' classwide settlement on October 11, 2017, this Court granted the parties' motion to withdraw the reference on October 26, 2017. *See* No. 7:17-cv-8026-VB, Dkt. No. 4 (S.D.N.Y.) ("*Echevarria* Order").

10. Likewise, in the related case captioned *Haynes v. Chase Bank USA, N.A.*, after the Bankruptcy Court preliminarily approved the parties' classwide settlement on April 4, 2018, this Court granted the parties' motion to withdraw the reference on May 1, 2018. *See* No. 18-cv-0337, Dkt. No 4 (S.D.N.Y.) ("*Haynes* Order").

**<u>Legal Standard for Withdrawal</u>**

11. The Parties bring this motion pursuant to 28 U.S.C. § 157(d), which provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

12. Section 157(d) thus authorizes withdrawal of bankruptcy court references on permissive grounds. Courts in the Second Circuit follow a two-step inquiry to determine if permissive withdrawal is appropriate.

13.     First, the court evaluates whether the bankruptcy proceeding is core or non-core,

*Murphy v. County of Chemung (In re Murphy)*, 482 F. App'x 624, 628 (2d Cir. 2012), and "whether

the bankruptcy court has the authority to finally adjudicate the matter," *In re Coudert Bros. LLP*,

462 B.R. 457, 467 (S.D.N.Y. 2011).

14.     Second, the court considers whether several additional factors necessitate

withdrawal of the reference, including (i) the most efficient use of judicial resources, (ii) potential

delay and its costs to the parties, (iii) uniformity of bankruptcy administration, and (iv) prevention

of forum shopping.  *Coudert Bros. LLP*, 462 B.R. at 462.  Because the court must consider these

factors, whether the proceeding is core or non-core is not dispositive.  A district court may

withdraw the reference over even a core proceeding if it finds that "the withdrawal of reference is

essential to preserve a higher interest."  *In re Parmalat Finanziaria S.p.A.*, 320 B.R. 46, 50

(S.D.N.Y. 2005).

### This Court Should Exercise Its Discretion to Withdraw the Reference

15.     This Court should withdraw the reference as it did in both *Echevarria* and *Haynes*

so that it can consider and rule upon the proposed settlement.  *See Echevarria* Order and *Haynes*

Order.  Although the Court previously declined to exercise its discretion to withdraw the reference

in several of the related actions at much earlier stages of the proceedings, finding that allowing

them to proceed in Bankruptcy Court in such earlier stages would serve "judicial efficiency," *In*

*re Rusty Haynes*, No. 7:14-cv-1474-VB, Dkt. No. 16 (S.D.N.Y.) at 8, the Parties' entry into the

Settlement Agreement means that the interest in promoting judicial economy is no longer served

by requiring the Action to remain before Judge Drain.

16.     As in *Echevarria* and *Haynes*, Judge Drain has already preliminarily approved the

Parties' proposed settlement.  Any settlement based on the certification of a nationwide class, if

approved solely by the Bankruptcy Court, may be subject to collateral attack based on the

contention that the Bankruptcy Court lacks jurisdiction over absent class members residing outside the Southern District of New York. *See, e.g.*, *Barrett v. Avco Fin. Servs. Mgmt. Co*., 292 B.R. 1, 8 (D. Mass. 2003) (finding bankruptcy court lacked nationwide jurisdiction over claim involving violation of discharge order); *Singleton v. Wells Fargo Bank, N.A. (In re Singleton)*, 284 B.R. 322, 325 (D.R.I. 2002) (same); *Montano v. First Light Fed. Credit Union (In re Montano)*, Nos. 7-04-17866 SL, 7-1026 S, 2007 WL 2688606, at *2 (Bankr. D.N.M. Sept. 10, 2007) (same).

17.     Consequently, irrespective of whether a collateral attack on the Bankruptcy Court's jurisdiction over a nationwide class has merit, the Parties desire entry of a final order from this Court on all class claims to protect the settlement from any such attack.

18.     Taking steps at this stage of the litigation to prevent collateral attack is consistent with the efficient use of judicial resources. *See, e.g.*, *In re Appleseed's Intermediate Holdings, LLC*, No. 11-cv-807, 2011 WL 6293251, at *3 (D. Del. Dec. 15, 2011) (withdrawing reference to "avoid confusion and future collateral attacks" on judgment); *In re U.S. Mortg. Corp*., No. 2:11-cv-7222, 2012 WL 1372284, at *3 (D.N.J. Apr. 19, 2012) (same); *see also In re Parmalat*, 320 B.R. at 50 (withdrawing reference to serve judicial efficiency).

19.     This Court employed a similar procedure in the related *Echevarria* and *Haynes* cases. After the Bankruptcy Court preliminarily approved the parties' classwide settlement in *Echevarria*, this Court granted the parties' motion to withdraw the reference and ultimately finally approved the settlement. *See* No. 7:17-cv-8026-VB, Dkt. Nos. 4, 23 (S.D.N.Y.). The Court did the same in *Haynes*. *See* No. 18-cv-0337, Dkt. No 4, 19 (S.D.N.Y.). The Court should do the same here.

The parties further request that, should the Court enter an Order withdrawing the reference of this Action to the Bankruptcy Court, the Court set the following dates in connection with final approval of the proposed settlement:

| Event | Date |
|---|---|
| Deadline to file Motion for Final Approval | July 25, 2019 |
| Deadline to file any response to Motion for Final Approval | August 1, 2019 |
| Final Approval Hearing | August 8, 2019 |

If the proposed date for the final approval hearing is not convenient for the Court, the parties request a final approval hearing date as soon thereafter as is convenient, and request that Plaintiff's brief be due fourteen days before the hearing and that Defendant's response be due seven days before the hearing.

WHEREFORE, Plaintiff Orrin S. Anderson and Defendant Capital One Bank (USA), N.A. respectfully request that the Court enter an Order (i) withdrawing the reference of this Action to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), (ii) establishing deadlines to file the Motion for Final Approval and for responding to such Motion, (iii) scheduling a Final Approval Hearing, and (iv) granting such other and further relief as is just and proper under the circumstances.

Dated: Albany, New York
          May 1, 2019

                                        BOIES, SCHILLER & FLEXNER LLP

                                        By: */s/ Adam R. Shaw*
                                               George C. Carpinello, Esq.
                                               Adam R. Shaw, Esq.
                                               30 South Pearl Street, 11th Floor
                                               Albany, NY 12207
                                               Telephone:  (518) 434-0600
                                               Facsimile:  (518) 434-0665
                                               gcarpinello@bsfllp.com
                                               ashaw@bsfllp.com

                                        CHARLES JUNTIKKA & ASSOCIATES LLP
                                        Charles Juntikka
                                        1250 Broadway, 24th Floor
                                        New York, NY 10001
                                        Telephone:  (212) 315-3755

                                        *Attorneys for the Plaintiff Orrin S. Anderson*

Dated: New York, New York
          May 1, 2019

                                        JENNER & BLOCK LLP

                                        By: */s/ Joseph L. Noga*
                                               Joseph L. Noga
                                                 919 Third Avenue
                                               New York, NY 10022
                                               Telephone: (212) 891-1676
                                               jnoga@jenner.com

                                               Joel H. Levitin
                                               Samuel G. Mann
                                               CAHILL GORDON & REINDEL LLP
                                               80 Pine Street
                                               New York, NY 10005
                                               Telephone: (212) 701-3770
                                               jlevitin@cahill.com
                                               smann@cahill.com

                                        *Attorneys for Defendant Capital One*
                                        *Bank (USA), N.A.*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 1, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Adam R. Shaw*
Adam R. Shaw